OPINION
{¶ 1} Defendant-appellant Timothy J. Suloff appeals his April 26, 2005 sentence entered in the Tuscarawas County Court of Common Pleas, following his conviction on two counts of aggravated robbery and two counts of theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On April 26, 2005, pursuant to a negotiated plea agreement, appellant entered a plea of guilty to two counts of aggravated robbery, felonies of the first degree, and two counts of theft, felonies of the fifth degree. In exchange, the State dismissed two counts of aggravated burglary and the attendant firearm specifications. The trial court conducted a sentencing hearing the same day. Following the hearing, the trial court imposed a four-year term of imprisonment on each count of aggravated robbery and seven months on each count of theft. The court ordered each term to be served consecutively for a total of nine years and two months.
 {¶ 3} On January 17, 2006, appellant's counsel, Douglas A. Milhoan, filed an appeal on behalf of appellant, assigned as case number 2005AP0043. As sole error, the appeal argues:
 {¶ 4} "I. THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW."
 {¶ 5} Appellant asserts the imposition of non-minimum, consecutive sentences is against the manifest weight of the evidence.
 {¶ 6} In sentencing appellant, the trial court found:
 {¶ 7} "In this case, we obviously have felonies of the first degree that carry a presumption of prison. There's no way to overcome that presumption with this history and with this fact pattern. The, these are very serious offenses. The recidivism factors, the likelihood of reoffending, are extensive. I did have in my notes from pretrial that there was prior prison, prior felony offenses and now your attorney has brought to my attention the drug factor.
 {¶ 8} "* * *
 {¶ 9} "I am going to impose a term of four years on each of the felonies of the fourth degree and six months on each of the felonies of the, I'm sorry, seven months on each of the felonies of the fifth degree, to be served consecutively and that would be nine years and two months. You will be eligible for a judicial release after five years if I read the current statute. Any release for on judicial release would be upon a properly filed motion, a clean institution report. So that means you have to make that decision now that you're going to follow the rules, okay. If your criminal history or even, you know, traffic history or whatever is any indication of your intent to follow the rules, you've got to start now and have a clean institution report and your attorney will file a motion at the appropriate time because that will tell me a lot about my decision to grant any judicial release.
 {¶ 10} "The court costs will also be assessed in this case and the consecutive terms are imposed. We do have more than one event occurring within a short period of time. The extensive history, I'm going to make a specific finding that the consecutive terms are needed to protect the public, punish the offender and based upon that history."
 {¶ 11} Tr. at 26-28.
 {¶ 12} Recently, in State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 856, the Ohio Supreme Court found various provisions of Ohio's sentencing statute violate the principles announced by the United States Supreme Court in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; therefore, they are unconstitutional. Based upon Foster, we find appellant's sentence is deemed void. Accordingly, we vacate appellant's sentence and remand the matter to the trial court for a new sentencing hearing.
 {¶ 13} Appellant's April 26, 2005 sentence in the Tuscarawas County Court of Common Pleas is vacated, and the matter remanded to the trial court for a new sentencing hearing in accordance with Foster.
By: Hoffman, J. Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's sentence entered in the Tuscarawas County Court of Common Pleas following his conviction on two counts of aggravated robbery and two counts of theft is vacated, and the matter remanded to the trial court for a new sentencing hearing in accordance with the law and our opinion. Costs assessed to appellee.